THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Bill P. Passaloukas and Susie H.
Passaloukas, Individually and as Shareholders 
 derivatively on behalf of Zorba's Inc.,       
Appellants,
 
 
 

v.

 
 
 
Cynthia Bensch, Gary Bensch and Zorba's Inc.,       
Respondent.
 
 
 

Appeal From Beaufort County
Thomas Kemmerlin, Special Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-506
Submitted September 14, 2004  Filed 
 October 11, 2004

REVERSED AND REMANDED

 
 
 
Frank F. Pape, Jr., of Atlanta, for Appellants.
James Arthur Brown, Jr., of Beaufort, for Respondents.
 
 
 

 PER CURIAM:  In early 1999, Bill 
 and Susie Passaloukas (Appellants) approached Gary and Cynthia Bensch (Respondents) 
 and initiated discussion concerning the possible leasing of commercial real 
 estate owned by Respondents for the purpose of opening a restaurant.  Following 
 these discussions, the parties incorporated Zorbas Inc., a statutory close 
 corporation, to operate the restaurant.  Appellants and Respondents were each 
 fifty-percent owners of this corporation, which was funded by contributions 
 in various forms from both parties.  Zorbas Inc. then entered into a commercial 
 lease agreement with Respondents to rent retail space for the restaurant.  This 
 agreement essentially placed Respondents in the dual role of sole landlord and 
 half owner of the leasing entity.  
Zorbas lease with Respondents provided 
 for default in the event rent was not paid, and clearly stated eviction could 
 occur if default was not cured within ten days of notice.  Just months into 
 the restaurants operation, Zorbas had yet to turn a profit and various disagreements 
 arose between Appellants and Respondents.  In November 1999, Appellants withheld 
 the rent money due to a disagreement over Respondents alleged responsibility 
 to correct some problems with the property.  The rent was put in an attorneys 
 escrow account and eventually paid to Respondents.  In December, however, the 
 rent was again withheld due to disagreements between the parties and financial 
 woes. 
In response to the non-payment of rent, 
 Respondents evicted Zorbas, Inc. from the premises by changing the locks on 
 the restaurant and threatening Appellants with criminal prosecution if they 
 attempted entry.  After a short and ill-fated attempt by Respondents to operate 
 their own restaurant on the premises, the restaurant, its good-will, and all 
 its equipment was sold to another restaurant for $75,000.  The purchasing restaurant 
 also entered into a five-year lease with Respondents for the retail space.
Appellants brought an action individually and as 
 a derivative suit on behalf of Zorbas, Inc. against Respondents and Zorbas.  
 Appellants set forth several causes of action relating to actions of Respondents, 
 including breach of fiduciary duty, unfair trade practices, and misappropriation 
 of corporate assets.  Additionally, they brought individual and derivative claims 
 for damages resulting from the alleged conversion of corporate and personal 
 property which was in the restaurant on the date of eviction.  Respondents counterclaimed 
 for damages.  After hearing exhaustive and often conflicting testimony from 
 the parties, the circuit court ordered any remaining assets of Zorbas be used 
 to pay creditors and then split evenly between Appellants and Respondents. He 
 denied all other claims of both parties.  
ANALYSIS
Despite the daunting amount of testimony and evidence 
 presented in the record on appeal, we conclude a strict accounting is necessary 
 to properly answer the questions before this court.  While the trial court attempted 
 to allow as much into the record as possible in an effort to preclude remanding 
 the action, there is scant evidence from either party as to the identity and 
 value of the property owned by Zorbas, the specific amounts of debt owed, or 
 how the proceeds from the sale of Zorbas, its corporate assets, or Appellants 
 personal property were applied to this alleged debt.  Although both parties 
 introduced several vague and unspecific valuations, the records lack of particularity 
 leaves this court without the means to determine whether the circuit erred in 
 simply splitting Zorbas meager remaining corporate assets.
We deem an accounting necessary to properly 
 determine whether Respondents converted corporate assets to their personal use 
 and whether there is any indication of oppressive or unfairly prejudicial behavior 
 on the part of Respondents.  The accounting should detail the contributions 
 by the parties; the identity and value of equipment, furnishings, and other 
 items in Zorbas at the time of eviction; the disposal of any property belonging 
 to Zorbas; any revenues from the disposal of Zorbas property; and Zorbas 
 debts, both paid and currently outstanding.  As all remaining issues raised 
 on appeal are to some degree intertwined with the factual conclusions to be 
 determined by the strict accounting, we do not address them at this time.  Instead, 
 we remand for a strict accounting followed by a full de novo review 
 of all legal and equitable issues.
REVERSED AND REMANDED. 
GOOLSBY, ANDERSON, and WILLIAMS, JJ., 
 concur.